# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

SOUTH BROWARD HOSPITAL DISTRICT, D/B/A MEMORIAL HEALTHCARE SYSTEM )
)
*Plaintiff* )
)
v. ) Civil Action No. 20-cv-61007-AHS
ELAP SERVICES, LLC, a Pennsylvania limited )
liability company, and GROUP & PENSION )
ADMINISTRATORS, INC. )
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Self Insured Services Company
By serving its Registered Agent, Timothy L. Berns, 800 Main Street, Dubuque, IA 52001

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT "A"

| Place: KOZYAK TROPIN & THROCKMORTON 2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134 | Date and Time: 09/27/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/27/2021

*CLERK OF COURT*
OR

_____  Tal J. Lifshitz, Esq.
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* South Broward Hospital District, d/b/a Memorial Healthcare System, who issues or requests this subpoena, are:
Tal J. Lifshitz, Esq., 2525 Ponce de Leon Blvd., 9th Floor, Miami, Fl 33134 - Tel: 305-372-1800 - Email: tjl@kttlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

Civil Action No. 20-cv-61007-AHS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT B**

[Print] [Save As...] [Add Attachment] [Reset]

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

# Exhibit "A"

# DEFINITIONS AND INSTRUCTIONS

1. The terms "you" or "your" mean the party or parties to which these requests are addressed, including any divisions, departments, parents, subsidiaries, affiliates, predecessors, partners, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on your behalf.

2. The terms "document" or "documents" shall refer to any writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, including but not limited to electronically or digitally stored data and metadata (such as email, databases, text messages, and SMS messages) as well as all tangible items from which information can be processed or transcribed, including all originals and non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, which are in the possession, custody or control of you, your agents or attorneys regardless of where the document is physically located.

3. The term "document" includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers, including but not limited to text messages, "chats" (through any application), voicemails retrievable in printed form, and any other electronic communication that can be retrieved and copied physically or electronically. Any such document is to be produced in a reasonably legible and usable form. The term "document" also includes drafts of documents and all copies that differ in any respect from the original, including any notation, underlining, marking or information not in the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

4. The terms "communication" or "communications" shall refer to any exchange or transmission of information, whether oral, written, via electronic mail, or by other means, and includes, but is not limited to, written, oral, telephonic, via electronic mail, or other inquiry, representation, discussion, meeting, letter, correspondence, memorandum, newsletter, telegram, advertisement, speech, conversation, conference, note, e-mail, or computer-generated message and any other document which refers to any such communication.

5. The term "all communications" means each and every communication as above defined that is known to you or about which you have any information.

6. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

7. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders. "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

1

**EXHIBIT B**

8. The term "Memorial" means the Plaintiff, South Broward Hospital District d/b/a Memorial Healthcare System, including its present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, accountants, attorneys and independent contractors.

9. The term "ELAP" means the Defendant, ELAP Services, LLC, including its present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, accountants, attorneys and independent contractors.

10. The term "Claim" or "Claims" means all claims for healthcare services provided to Members.

11. The term "Report" or "Reports" means an Excel spreadsheet and CSV file.

12. The term "Members" means individuals insured by or entitled to receive benefits from the Clients.

13. The term "Client" or "Clients" means the self-funded health plans that have directly or indirectly engaged or retained ELAP.

14. The term "refer or relate" as used in this request, means reflecting, evidencing, regarding, pertaining to, consisting of, indicating, concerning or in any way logically or factually connected with the matter discussed.

15. The term "all" includes the term "any" and the term "any" includes "all." The terms "all" and "any" shall be construed as any and all.

16. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that otherwise might be construed to be outside the scope of the request.

17. The term "present," when used in connection with a time-frame for production of materials requested hereunder, refers to the date upon which production is made.

18. "Elective service" or "elective services" is a procedure that is chosen by the patient or physician that is advantageous to the patient but is not emergent.

19. If, in responding to any document request, you choose to withhold any information on the ground of privilege or the like, please produce all information falling within the scope of the request which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    (a) the nature of the privilege (including work product) that is being asserted;

**EXHIBIT B**

(b) the names and positions of the author of the information and all other persons participating in the preparation of the information;

(c) the name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed;

(d) the date of the information;

(e) a description of any accompanying material transmitted with or attached to such information;

(f) the number of pages in such document or information; and

(g) whether any business or non-legal matter is contained or discussed in such information.

20. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

21. In the event such file(s) or document(s) has (have) been removed for the purposes of this Action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

22. In responding to the following document request, furnish all available information, including information in the possession, custody, or control of Imagine Health's or any of Imagine Health's attorneys, directors, officers, agents, employees, representatives, divisions, affiliates, partnerships, parents or subsidiaries, and other persons under Imagine Health's control.

23. Unless otherwise specified, the time from for these requests is from January 1, 2016 to the present.

**EXHIBIT B**

## DOCUMENTS REQUESTED

1. A Report (or Reports) identifying all data points on the UB-04, the electronic claims' files (EDI 837), and the electronic remittance advices (EDI 835) for the each of the Claims.

2. Documents explaining abbreviations or codes for any data points listed on a Report (or Reports) responsive to Request No. 1, above.

**EXHIBIT B**